**Juan J. OLCESE, Mariela Olcese, Evelyn Olcese, Juan E. Olcese, Franco Olcese, Juan P. Olcese, Petitioners,**

v.

**Michael B. MUKASEY, as Attorney General of the United States,[1] et al., Respondents.**

No. 05–2821–ag.

United States Court of Appeals, Second Circuit.

Oct. 7, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey, is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Stephen K. Tills, Orchard Park, NY, for Petitioners.

Michael J. Garcia, United States Attorney for the Southern District of New York, Elizabeth Wolstein, Beth E. Goldman, Assistant United States Attorneys, New York, NY, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Juan J. Olcese and Mariela Olcese, and their children, Evelyn Olcese, Juan E. Olcese, Franco Olcese, and Juan P. Olcese, all natives and citizens of Argentina, seek review of the December 30, 2004 order of the BIA affirming the December 5, 2003 decision of Immigration Judge ("IJ") Michael Rocco denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan J. Olcese, et al.*, Nos. A95 966 650 & 95 967 317/318/319/320/321 (B.I.A. Dec. 30, 2004), *aff'g* Nos. A95 966 650 & 95 967 317/318/319/320/321 (Immig. Ct. Buffalo Dec. 5, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Muka-*

*sey,* 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

The agency determined that Olcese [2] failed to demonstrate that he would face persecution on account of a protected ground. We see no error in that finding. Asylum eligibility requires that the persecution alleged be on account of the applicant's race, religion, nationality, political opinion, or particular social group. 8 U.S.C. § 1101(a)(42). We review the agency's nexus findings for substantial evidence. *See Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006).

Olcese specifically characterized his fear of future harm as arising from his belief that corrupt police officers would target him because of his prior position as a photographer in the investigations unit of the police department in Argentina. This does not implicate a political opinion. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005); *Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir.1994). The IJ accurately stated that Olcese "was never a member of any organization, political or otherwise, that was critical of police corruption." As the IJ also noted, there was no evidence that Olcese ever "enunciated any affirmative declaration against police corruption or engaged in external activities associated with the affirmation of such a position." To the contrary, he testified that when he first received his assignment, he did not know what his photographs were being used for, that the individuals he was photographing were fellow officers, or that they were corrupt. He claimed that he was discharging the orders given by his supervisors and that it was not until he was attacked that he made the connection between the individuals he photographed and

the ongoing corruption investigation. Such testimony supports the IJ's conclusion that Olcese did not join his unit within the police department "out of a desire to root out and expose police corruption," and thus was not targeted, even in part, because of such an opinion. *Cf. INS v. Elias–Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

BIA precedent also supports the result. In *Matter of Fuentes,* the BIA found "that dangers faced by policemen as a result of that status alone are not ones faced on account of ... political opinion"; rather, "[s]uch dangers are perils arising from the nature of their employment and domestic unrest rather than 'on account of' immutable characteristics or beliefs within the scope of section[ ] 101(a)(42)(A)." 19 I. & N. Dec. 658, 661 (BIA 1988); *see also Estrada–Escobar v. Ashcroft,* 376 F.3d 1042, 1047 (10th Cir.2004) (finding that a former Peruvian police major, who had provided security to judges sitting on terrorist cases, had failed to show that terrorists threatened him because of an imputed political opinion rather than his status as a police officer); *Cruz–Navarro v. INS,* 232 F.3d 1024, 1030 (9th Cir.2000) (finding that a police officer failed to establish persecution based on imputed political belief where members of terrorist group attacked him, and referred to him as a police officer during the attack, because there was no evidence that his attackers believed he held political beliefs contrary to theirs or attacked him because of such beliefs).

■ The agency's finding that Olcese was not targeted as a member of a particular social group is also supported by substantial evidence. We have previously stated in dicta that while a "former police officer may be eligible for asylum as a

---

**2.** Because he was the lead applicant during the administrative proceedings, we refer exclusively to Juan J. Olcese throughout this order.

member of a particular social group of former police officers, ... a former police officer singled out for reprisal because of her role in disrupting particular criminal activity would likely not be eligible for asylum." *See Koudriachova v. Gonzales,* 490 F.3d 255, 261–63 (2d Cir.2007). As we noted, "[i]n the second scenario, the persecution the applicant fears is not a result simply of her status as a former police officer, but rather *is a result occasioned by other factors more specific to the particular applicant." Id.* at 261–62 (emphasis added); *see also Matter of C–A–,* 23 I. & N. Dec. 951, 959 (BIA 2006); *Matter of Fuentes,* 19 I. & N. Dec. at 661.

Here, it is evident that Olcese was targeted for "factors more specific" to his particular situation—his assigned work in gathering evidence in a police corruption investigation. *See Koudriachova,* 490 F.3d at 261–62; *see also* 8 U.S.C. § 1101(a)(42); *Yueqing Zhang,* 426 F.3d at 547–48.

Because substantial evidence supports the agency's finding that Olcese failed to establish a nexus between the persecution he alleged and a protected ground, the agency properly denied his application for asylum and withholding of removal. *See Yueqing Zhang,* 426 F.3d at 544. As the government argues, Olcese does not challenge the IJ's denial of CAT relief in his brief to this Court, and failed to exhaust this argument before the agency. Thus, we deem that claim to have been abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007); *Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).